PETITION OF ROLLAND C. HANLEY.
No. 11570.
Decided November 1, 1968.
448 P.2d 138.

Rolland C. Hanley, pro se.

PER CURIAM:

Rolland C. Hanley, an inmate of the Montana State Prison, appearing pro se, petitions this Court for a writ of habeas corpus. He contends that he did not knowingly, intelligently, understandingly, and of his own free will, enter his plea of guilty to the crime of robbery. He makes other unsubstantiated charges which we deem to be without merit.

As to his plea of guilty, an examination of the district court file discloses that an information was filed against petitioner on October 18, 1967, charging him with the crime of robbery alleged to have been committed on the 4th day of October, 1967. On the next day, October 19th, counsel for petitioner filed a demurrer to the information which was

overruled and plea of not guilty entered. Bail was secured and by order of the district court petitioner was released from jail on October 20th to await trial. On November 6, 1967, an affidavit of disqualification was filed against the district judge and another judge called in to hear the matter.

The case was set for trial for November 20, 1967, at ten o'clock in the morning. At the convening of court on that morning, when the court asked if the parties were ready for trial, counsel for petitioner stated: "Your Honor, at this time the defense would like leave to change their plea, the original plea in this matter."

The court then ascertained by inquiry of petitioner that he was 22 years of age, had finished the 8th grade in school, and understood the English language. The court then read the information to petitioner and asked him if he understood it, to which petitioner answered "Yes". The court then continued: "You understand also, Mr. Hanley, that the crime of felony, to-wit: robbery, carries with it a penalty of not less than one year and leaves no maximum?

"MR. HANLEY: Yes.

"THE COURT: You could get from one up to one hundred years, do you understand all of that?

"MR. HANLEY: Yes, sir.

"THE COURT: You have then heard your counsel make a motion for withdrawal of your plea?

"MR. HANLEY: Yes, sir.

"THE COURT: You entered a plea of not guilty at that time?

"MR. HANLEY: Yes, sir.

"THE COURT: Before you make any decision as to what your position is, has anybody made promises to you as to what you might get?

"MR. HANLEY: No, sir.

"THE COURT: Has anyone threatened you or forced you to make this change?

"MR. HANLEY: No, sir.

"THE COURT: Did anybody tell you you might receive a suspended sentence, or a special favor might be given you by the Court?

"MR. HANLEY: No, sir.

"THE COURT: You understand all those things?

"MR. HANLEY: Yes.

"THE COURT: After considering all of those things, is it still your intention to withdraw your plea of not guilty?

"MR. HANLEY: Yes, sir.

"THE COURT: Let the record so show. What is your plea?

"MR. HANLEY: Guilty.

"THE COURT: Guilty?

"MR. HANLEY: Yes, sir.

"THE COURT: If you desire you may have time as set by the statute before judgment will be pronounced against you, or you may waive that time and sentence will be pronounced at this time.

"MR. HAXBY: Do you want to waive the time?

"THE COURT: You have two days, forty-eight hours.

"MR. HANLEY: I would like to waive the time.

"THE COURT: Let the record show that the defendant is waiving the time for the pronouncement of judgment and asked sentence be pronounced at this time. Let the record further show that the County Attorney, Mark Sullivan, with the defendant, Rolland Hanley, and his counsel, Leonard Haxby, came into court, that the defendant was duly informed by the Court of the nature of the Information filed against him, the crime of felony, to-wit: Robbery, committed on the 4th day of October, 1967, and was arraigned heretofore in which he entered a plea of not guilty. Let the record show he was also informed of his rights. You understand you are entitled to a trial by jury?

"MR. HANLEY: Yes.

"THE COURT: He was informed of his rights, was represented by his counsel, and do you have any legal cause at this time to show why judgment should not be pronounced against you?

"MR. HANLEY: No, sir."

Following imposition of sentence, on September 19, 1968, petitioner filed a motion to vacate his sentence which is practically the same as his petition here. The district judge thereafter made and entered an order which provided in part:

"The court has carefully read the petition and the grounds alleged therein. The court, also, has fully examined the files and records of this said action, has a complete transcript of defendant's appearances before the court, and also has independent recollections of all proceedings pertaining to said action from which, all, show conclusively that the prisoner, petitioner herein, is entitled to no relief."

And the court then stated:

"IT IS, THEREFORE, ORDERED AS FOLLOWS:

"1. That the petition of Rolland C. Hanley acting pro se, for and (sic) Order vacating a sentence of ten (10) years imprisonment imposed by the above entitled court be, and it is hereby, denied."

Thus we have here a case in which counsel appeared for petitioner within hours after the information was filed and continued to act on his behalf thereafter until the plea of guilty was entered. The district judge by his penetrating questioning of petitioner at the time of his change of plea certainly discloses petitioner's knowledge of the crime with which he was charged and the possible penalty prescribed by law. The facts refute the charges contained in petitioner's application and the writ sought is denied.